[Cite as *U. S. Bank N.A. v. Baginski*, 2013-Ohio-4773.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| U.S. BANK N.A. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| DIANNE M. BAGINSKI, ET AL. | : | Case No. 13 CA 7 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
                              Pleas, Case No. 10CV000485


JUDGMENT:                     Affirmed


DATE OF JUDGMENT:             October 28, 2013


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

PHILLIP BARRAGATE                     D. DIANNE MARIE BAGINSKI
ASHLYN HEIDER                         Pro Se
4805 Montgomery Road                  19661 Mallet/Sparrow Roads
Suite 320                             Salesville, OH  43778
Norwood, OH  45212

*Farmer, J.*

{¶1}   On November 1, 2010, appellee, U.S. Bank N.A., as Trustee for the Registered Holders of Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2005-SCI, filed a foreclosure complaint against appellant, Dianne M. Baginski, for failure to pay on a note secured by a mortgage.

{¶2}   On November 28, 2012, appellee filed a motion for summary judgment. Appellant filed a motion for summary judgment on December 18, 2012.  By entry filed January 18, 2013, the trial court granted appellee's motion and denied appellant's.  A final judgment entry was filed on February 1, 2013.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT JUDGE ERRED IN GRANTING THE PLAINTIFF DEFAULT FEES AT A RATE OF 10% OF THE REGULAR PAYMENTS."

II

{¶5}   "THE TRIAL COURT JUDGE ERRED IN GRANTING THE PLAINTIFF INSURANCE PREMIUMS."

III

{¶6}   "THE TRIAL JUDGE ERRED IN AWARDING TO THE PLAINTIFF ESCROW ITEMS NOT ITEMIZED."

IV

{¶7}   "THE TRIAL JUDGE ERRED IN ACCEPTING THE APPELLEES CLAIM THAT THE LOAN WAS ACCELERATED."

V

{¶8}   "THE TRIAL COURT ERRED BY DISMISSING THE REQUEST OF SPOUSE FOR JURY TRIAL SUA SPONTE."

VI

{¶9}   "THE TRIAL COURT DID NOT APPLY TENDERED PAYMENTS TO THE ACCOUNT OR ALLEGED DEBT.  1321.58 D."

{¶10}  Preliminarily, we note the gravamen of any appeal is the judgment entry appealed from.  The judgment entry appealed in this case is the trial court's February 1, 2013 final judgment entry which is consistent with the summary judgment rulings from the trial court's January 18, 2013 order granting appellee's motion for summary judgment and denying appellant's motion for summary judgment.  Therefore the issues raised by this appeal are to be reviewed under a summary judgment standard.

{¶11}  Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

Civ.R. 56(C)  provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is

made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶12} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

### I, IV, V, VI

{¶13} These assignments of error challenge the determination that appellee had standing to pursue the action, default fees, specific interpretations of the acceleration clauses, right to a jury trial, and unapplied tendered payments. As we noted in our ruling on appellee's notice of suggestion of mootness and request to dismiss filed August 19, 2013, these issues are deemed moot given the pay off of the debt by appellant on June 21, 2013 and the release of the mortgage by appellee on August 13, 2013.

{¶14} Assignments of Error I, IV, V, and VI are dismissed.

### II, III

{¶15} These assignments of error claim the award of insurance premiums advanced by appellee and the award of escrow amounts to appellee constitute error. We disagree.

{¶16} Both parties filed motions for summary judgment. Appellee's November 28, 2012 motion sought a final resolution regarding appellee's standing and appellant's

default, and a claim for reimbursement of insurance premiums advanced because of appellant's failure to insure the premises. Attached to the motion is the affidavit of Harrison Whittaker, an employee of appellee's servicing agent, OCWEN Loan Servicing, LLC, wherein Mr. Whittaker averred to the following in pertinent part:

16. Proof of Hazard Insurance was not provided by Defendant for the dates of April 1, 2004-April 1, 2009; therefore, lender placed insurance was obtained and charged to the account of Defendant. The dwelling coverage on the lender placed policy was based on the dwelling of the retail policy that Defendant obtained. See Exhibit E.

17. Proof of Hazard Insurance was provided by Defendant for the period of May 1, 2009-May 1, 2010, so the lender placed insurance policy was cancelled and $1,325.00 was refunded to the escrow account of Defendant on May 18, 2009. However, that policy was then cancelled effective June 15, 2010 and no proof of current insurance was provided. Therefore, a lender placed insurance policy was again obtained and assessed to the account of Defendant.

18. On October 4, 2010, a letter was mailed to Defendant which requested that the Declaration page of any hazard insurance policy that Defendant purchased from 2004-present be sent as proof of insurance and that upon such showing, Defendant account would be refunded. No additional proof of insurance was provided by Defendant.

19. Payments have not been made as required by the terms and conditions of the Promissory Note and Mortgage, and by reason thereof, the Note and Mortgage are in default as prayed for in Plaintiff's Complaint.

25. There is presently due thereon the sum of $62,292.63 plus interest at the Note rate of 7.75% from February 1, 2010 plus sums advanced by Plaintiff pursuant to the terms of the Mortgage for real estate taxes, hazard insurance premiums, and property protection; and that said account is in default of payment as alleged in Plaintiff's Complaint.

{¶17} Appellant did not respond to the specifics of the affidavit as cited above, but filed a motion for summary judgment on December 18, 2012, specifically challenging whether appellee was the proper party to sue:

Defendant Dianne Baginski's collateral file was lost so there is no way to determine if an allonge was attached to her original note, because that original note is gone. Since Plaintiff is not the original lender the Plaintiff is not entitled to a judgment of foreclosure as a matter of law.

Furthermore, the note indorsed in blank by allonge directly contradicts the note attached [to] the complaint in this case. Since the note attached to the complaint is missing a page the allonge would not be sufficient to negotiate the note to the Plaintiff because a complete version of Dianne Baginski's note does not exist. In addition, since the trust does

not have Defendant Dianne Baginski's original note that is evidence that her note and mortgage never became part of the trust res.

{¶18}  Appellant further argued:

Furthermore, Plaintiff's attempt to substitute a different note not only runs afoul of *Schwartzwald* but is doubtful veracity because the note produced at the deposition came from Ocwen's records and not the records of the trust's custodian.  Defendant Dianne Baginski respectfully requests that the Court grant summary judgment in her favor.

{¶19}  Appellant never contested the default, amount due, acceleration, insurance reimbursement, or fees claimed via the affidavit of Mr. Whittaker.  There is no affirmative response to Mr. Whittaker's paragraph no. 25 cited above.  We note appellant did file a motion to strike Mr. Whittaker's affidavit on January 15, 2013, contesting his personal knowledge of appellee's records.  However, Mr. Whittaker was an employee of OCWEN Loan Servicing, LLC, the servicing agent and attorney-in-fact for appellee.

{¶20}  Given our limited review with the pay off of the debt, we find no genuine issues of material fact on the issues argued under these assignments of error as the trial court granted judgment in accordance with paragraph no. 25 of the affidavit.

{¶21}  Assignments of Error II and III are denied.

{¶22}  The judgment of the Court of Common pleas of Guernsey County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.


_____
Hon. Sheila G. Farmer


_____
Hon. W. Scott Gwin


_____
Hon. Patricia A. Delaney


SGF/sg 903

[Cite as *U. S. Bank N.A. v. Baginski*, 2013-Ohio-4773.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. BANK N.A. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DIANNE M. BAGINSKI, ET AL. | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 13 CA 7 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed. Costs to appellant Dianne M. Baginski.

_____
Hon. Sheila G. Farmer


_____
Hon. W. Scott Gwin


_____
Hon. Patricia A. Delaney